RECEIPT #
AMOUNT
SUMMONS ISSUED
LOCAL RULE
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 2-28-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 FEB 28 P 1:59
U.S. DISTRICT COURT
DISTRICT OF MASS

FELIX ESPOSITO
and ACCESS WITH SUCCESS, INC.,
Plaintiffs

v.

PRIME HOSPITALITY
CORPORATION
Defendant

CIVIL ACTION NO.: 05-

05-10384 DPW

MAGISTRATE JUDGE

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

This is an action seeking injunctive, declaratory and equitable relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., Article114 of the Massachusetts Constitution, Massachusetts General Laws, c. 272, § 98 and Massachusetts General Laws, Chapter 93 § 103. The plaintiff, Felix Esposito and Access with Success, Inc. ("AWS"), through their counsel, bring this cause of action against Prime Hospitality Corporation and AmeriSuites Boston Medford and as causes of action allege as follows:

**PARTIES**

1. The plaintiff, Access with Success, Inc., ("AWS") is a non-profit corporation organized and existing under the laws of the Commonwealth of Massachusetts. Its members are able-bodied individuals and qualified individuals with disabilities as defined by the ADA. Its members include Felix Esposito. Mr. G. David Iverson is also a member. Mr. Iverson who is a T8-9 complete paraplegic secondary to a gunshot wound. He relies completely upon a wheelchair for ambulation. Mr. Peter A. Spalluto, age 58, who is quadriplegic

due to a swimming pool diving accident in 1966, is also a member. He always uses a wheelchair to ambulate. Mr. Scott M. Frotton, age 41, is a founding member of AWS. Mr. Frotton has T7 paraplegia secondary to a spinal cord injury sustained in a construction site accident in 1998. He has a complete loss of sensory and motor function from his chest down. His condition is permanent. He always uses a wheelchair to ambulate. Mr. Francis DeVito is a Korean War veteran and a member of AWS. In 1953, he was injured by a grenade and gunfire in an ambush attack while his Marine unit was on patrol in Korea. His wounds were such that it became medically necessary to amputate his left leg above the kneecap. He requires the use of ambulatory devices for mobility, including a prosthetic leg and a crutch, when necessary, in order to ambulate. Raymond J. Aziz, age 62, is a member of AWS. He has a mobility impairment secondary to adult onset of diabetes. He requires the use of leg braces from ambulation. Norman P. Crescimano, age 42, is a member of AWS. He has multiple sclerosis and always uses a wheelchair for ambulation. Mr. Frank Salafia, age 66, is a member of AWS. He is hearing impaired and has a loss of vision in one eye. Amylee O'Beirne, age 24, is a founding member of AWS. She has had rheumatoid arthritis since early childhood. She frequently uses a wheelchair for ambulation. Dino N. Theodore, age 44 is a member of AWS. He suffered an accidental gunshot wound to the T7 vertebrae in 1981. He is paraplegic. He always uses a wheelchair. John Pattavina, age 55, is a member of AWS. He is globally aphasic due to a left sided massive stroke which occurred in 2002. He is paralyzed on the right sided and sometimes requires the use of a wheelchair for ambulation. Peter DiPalma, age 55, is a member of AWS. Mr. DiPalma is quadriplegic. Robert Brearley, age 50, is a member of AWS. He suffered a traumatic spinal cord injury

in 1980. He always uses a wheelchair. Robert L. Smith, III is a member of AWS. He always uses an electric wheelchair due to the combined problems of muscular dystrophy and a traumatic pelvic fracture in 2000. All of the above-named members of AWS are qualified individuals with disabilities within the meaning of the ADA and all other applicable federal and state statutes.

2. AWS is a civil rights group organized by individuals with disabilities to advocate for disabled persons' integration into society and equal access to all services, activities, programs, resources and facilities available to non-disabled persons. Its members are predominately, but not exclusively, individuals with various physical disabilities impairing mobility, vision and hearing. One of the primary purposes of AWS is to assure that places of public accommodation are accessible to, and usable by persons with disabilities. Title III of the ADA permits private individuals to bring lawsuits in which they can obtain court orders to stop discrimination on the basis of disability.

3. AWS and its members have suffered direct and indirect injury as a result of the defendant's actions or inactions as described herein. AWS also has been discriminated against because of its association with its members and their claims. The defendant's failure to comply with the ADA adversely affects the organizational purpose of AWS.

4. The plaintiff, Felix Esposito, resides at 5571 Lake Side Drive, #102, Margate, Florida, 33063. Mr. Esposito suffers from Neurological Conversion Reaction, a neurological illness that makes him dependent on a wheelchair for ambulation. He is a qualified individual with disabilities under the ADA and all other applicable federal and state statutes.

5. The defendant, Prime Hospitality Corporation, (hereinafter "PHC") is a corporation organized under the laws of the state of Delaware. PHC is registered to do business within Massachusetts as a foreign corporation. PHC has a principal place of business 700 Route 46 East, Fairfield, New Jersey 07004. Its Resident Agent in Massachusetts is Corporation Service Company, which has a business address of 84 State Street, Boston, Massachusetts 02109.

6. The defendant, PHC, owns the hotel and real property known as AmeriSuites Boston Medford at 116 Riverside Avenue, Medford, Massachusetts, 02155.

7. The AmeriSuites Boston Medford is a place of public accommodation which is subject to the requirements of the Title III of the ADA.

8. The defendant, PHC, is a private entity which owns a public accommodation as defined in the Title III of the ADA, 42 U.S.C. § 12181, and is an entity that affects commerce and which owns a public accommodation, as defined in 42 U.S.C. § 12181(7)(E).

**SYNOPSIS OF CAUSE OF ACTION UNDER ADA**

9. The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *42 U.S.C. § 12182(a).*

10. The ADA public accommodations provisions also permit an individual to allege discrimination based on a reasonable belief that discrimination is about to occur. A plaintiff with a disability need not engage in the "futile gesture" of attempting to gain access to each and every feature of a facility or place of public accommodation where

access barriers are known to exist and where the owner or operator does not intend to comply with the provisions of the ADA. *42 U.S.C. § 12188(a)(1)*. The "futile gesture" provision extends so far as to allow a person who uses a wheelchair to challenge the *planned* construction of a new place of public accommodation, such as a shopping mall, that would not be accessible to individuals who use wheelchairs. The resolution of such challenges prior to the construction of an inaccessible facility would enable any necessary remedial measures to be incorporated in the building at the planning stage, when such changes would be relatively inexpensive.

11. This case arises out of the defendant's unlawful practice of denying access to the facilities, goods and services offered at the AmeriSuites Boston Medford to persons with disabilities.

**JURISDICTION**

12. The Court has primary jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343 in that this action arises under the laws of the United States and the defendant is subject to personal jurisdiction.

13. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this Court under 28 U.S.C. § 1391, the claim having arisen in the Massachusetts.

15. On September 7, 2004, Mr. Esposito stayed as a guest at AmeriSuites Boston Medford and was denied access to the facilities, goods and services of AmeriSuites Boston Medford due to its lack of accessibility and a lack of compliance with the ADA's

requirements regarding the removal of architectural barriers to access by persons with disabilities.

16. Mr. Esposito intends to patronize AmeriSuites Boston Medford in the future, but continues to be denied full and safe access to the hotel due to the violations which continue to exist there.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

17. All events giving rise to this lawsuit occurred in the state of Massachusetts.

18. On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. § 12181 and 28 C.F.R. Part 36.

19. The defendants have discriminated against the plaintiffs and continue to discriminate against the plaintiffs by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of AmeriSuites Boston Medford as prohibited by 42 U.S.C. § 12182(b)(2)(A)(iv) and by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2).

20. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. The regulations are codified at 28 C.F.R. Part 36.

21. The AmeriSuites Boston Medford and the various businesses therein are places of public accommodation subject to the provisions of Title III of the ADA.

22. With respect to altered facilities under the ADA, discrimination constitutes "a failure to make alterations in such manner that, to maximum extent feasible, the altered portions of

the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." *42 U.S.C. § 12183(a)(2)*.

23. All alterations that could affect the usability of a facility must be made in an accessible manner to the maximum extent feasible. For example, if during renovations a doorway is being relocated, the new doorway must be wide enough to meet the new construction standard for accessibility. When alterations are made to a primary function area, such as the restaurant or lounge of a hotel lobby, an accessible path of travel to the altered area must also be provided. The bathrooms, telephones, and counters serving that area must also be made accessible. These additional accessibility alterations are required to the extent that the added accessibility costs do not exceed 20% of the cost of the original alteration.

24. Mr. Esposito was a guest at the hotel in Room 812 on September 7, 2004.

25. During his stay at AmeriSuites Boston Medford, Mr. Esposito observed, encountered, and suffered discrimination as a result of architectural barriers to access at AmeriSuites Boston Medford.

26. Mr. Esposito intends to return to AmeriSuites Boston Medford as soon as the architectural barriers to access are removed.

27. Upon arriving for his stay on September 7, 2004, Mr. Esposito observed and encountered the architectural barriers to access set forth below.

28. The parking area had an insufficient number of spaces designated for disabled use, in violation of Sections 4.1.2 and 4.6.1 of the ADAAG.

29. There is no accessible route from the parking areas to the facility in violation of Sections 4.3.4 of the ADAAG.

30. The disabled use spaces as provided do not have clear and level access aisles provided, in violation of Sections 4.1.2 and 4.6.3 of the ADAAG.

31. There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

32. The ramps provided from the parking areas to the facility have slopes, side slopes and/or cross slopes in excess of the limits prescribed in Section 4.8 of the ADAAG.

33. The signs designating the disabled use spaces are not posted at sufficient heights, in violation of Section 4.6.4 of the ADAAG.

34. The doors at several building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

35. The stairs located in the facility do not comply with the standards prescribed in Section 4.9 of the ADAAG.

36. There are protruding objects present throughout the facility, in violation of Section 4.4 of the ADAAG.

37. The water fountain(s) in the facility do not meet the prescribed height and/or knee clearance requirements for use by disabled patrons in violation of Section 4.15 of the ADAAG.

38. There are vending machines for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

39. There is insufficient clear floor space to access goods or services at the facility, in violation of several Sections of the ADAAG.

40. The rooms designated for disabled use do not provide a 36-inch clear floor space on both sides of the bed in violation of Section 9 of the ADAAG.

41. The storage areas provided do not have the clear floor space prescribed in Sections 4.2 and 9 of the ADAAG.

42. The rooms for disabled use provide elements with controls/dispensers outside the required ranges violating Sections 4.2 of the ADAAG.

43. The rooms for disabled use are not equipped with proper door hardware violating Sections 4.13.9 and 9 of the ADAAG.

44. The sinks in the lavatory provided in the room designated for disabled use do not meet the requirements prescribed in Sections 4.24 of the ADAAG.

45. The clear floor space provided in the lavatory of the room designated for disabled use violates the provisions of Sections 4.18.3 and 4.22 of the ADAAG.

46. The defendant has failed to remove barriers to access by persons with mobility disabilities at AmeriSuites Boston Medford where such barrier removal is readily achievable.

47. The defendant has failed to provide necessary auxiliary aids and services at AmeriSuites Boston Medford where provision of such auxiliary aids and services would not pose any undue economic or architectural burden.

48. The defendant has failed to modify policies and procedures at AmeriSuites Boston Medford where required to ensure equal access for persons with disabilities.

49. The defendant has altered AmeriSuites Boston Medford without complying with access requirements mandated by Title III of the ADA.

50. On information and belief, the plaintiffs allege that there are other violations present at AmeriSuites Boston Medford that will be more fully alleged upon discovery and further inspection.

51. The defendant has failed to make efforts required under the ADA to remove such barriers to the extent readily achievable nor have the defendants complied with accessibility standards to the maximum feasible.

52. The defendant has also, by maintaining such barriers, failed to comply with ADA and access requirements for areas of new construction or alteration.

53. All alterations that could affect the usability of a facility must be made in an accessible manner to the maximum extent feasible.

54. The actions and initiatives which the defendant has failed to undertake in order to make AmeriSuites Boston Medford accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with mobility disabilities at minimal expense to the defendants.

55. The defendant's conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, the defendants will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which the plaintiffs have no adequate remedy at law.

WHEREFORE, The plaintiff requests that the Court will order the defendant to alter AmeriSuites Boston Medford to make it readily accessible to and useable by individuals with disabilities to the extent required by the Americans with Disabilities Act and Subpart E of 28 C.F.R. Part 36 and award the plaintiff appropriate attorney's fees and costs of this suit as provided by 42 U.S.C. § 12205.

**COUNT II – MASSACHUSETTS GENERAL LAWS c. 272, § 98**

56. The plaintiff repeats the preceding allegations as if set forth completely here.

57. Under Massachusetts General Laws c.272, § 98, "All persons shall have the right to the

full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, resort or amusement subject only to the conditions and limitations established by law and applicable to all persons. This right is recognized and declared to be a civil right."

58. As stated above in Count I, the plaintiff has been denied equal access to a place of public accommodation in violation of his civil rights because of the above-described barriers to wheelchair access at the AmeriSuites Boston Medford located at 116 Riverside Avenue, Medford, MA.

59. Until the above-described barriers to wheelchair access are removed from the AmeriSuites located at 116 Riverside Avenue, Medford, MA, the plaintiff will continue to be denied equal access to a place of public accommodation in violation of his civil rights.

60. The plaintiff initiated his claim under Massachusetts General Laws c. 272, § 98 by filing a Charge of discrimination and Statement of Particulars with the Massachusetts Commission Against Discrimination on January 21, 2005 and by requesting in writing on February 2, 2005 that the MCAD release his claim for judicial determination.

WHEREFORE, the plaintiff demands all compensatory and exemplary damages permitted by statute and all attorneys' fees and costs permitted by statute.

**COUNT III-MASSACHUSETTS CONSTITUTION and G.L. C.93 § 103**

61. The plaintiffs repeat the preceding allegations as if fully set forth here.

62. Article 114 of the Massachusetts Constitution prohibits discrimination on the basis of a person's disability within Massachusetts.

63. Implementing Article 114 to the Massachusetts Constitution, G.L. c.93 § 103, the Massachusetts Equal Rights Law, guarantees person with disabilities the same rights as other persons, such as the right to make contracts, to purchase personal property, to participate in lawsuits and to receive the full benefit and protection of the laws. Section 103(a) of Chapter 93 of the Massachusetts General Laws provides "Any person within the commonwealth, regardless of handicap or age as defined in chapter one hundred fifty-one B, shall, with reasonable accommodation, have the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, including, but not limited to, the rights secured under Article CXIV of the Amendments to the Constitution."

64. As described in Count I, the plaintiff has been excluded from full and equal participation in patronizing AmeriSuites Boston Medford to the same extent as non-disabled patrons. Based upon the totality of the circumstances, Mr. Esposito has been denied the benefits afforded to non-disabled patrons. He has been subject to ongoing discrimination by the defendants solely by reason of his disability as prohibited by Article 114 of the Massachusetts Constitution and G.L. c.93 § 103.

65. The plaintiff has been distressed and inconvenienced by the discriminatory actions of the defendants, including their failure to remove access barriers at AmeriSuites Boston Medford and their failure to modify policies and procedures to accommodate disabled customers such as Mr. Esposito.

66. The plaintiff's constitutional right to be free from discrimination in the Commonwealth of Massachusetts has been and continues to be violated by the defendants and he is therefore entitled to compensatory and exemplary damages for his injuries.

67. The plaintiff initiated his claim under Massachusetts General Laws c. 93, § 103 by filing a Charge of Discrimination and Statement of Particulars with the Massachusetts Commission Against Discrimination on January 21, 2005 and by requesting in writing on February 2, 2005 that the MCAD release his claim for judicial determination.

WHEREFORE, the plaintiff demands compensatory and exemplary damages as permitted under Section 103(b) of Chapter 93 of the Massachusetts General Laws and an award of the costs and litigation and reasonable attorneys' fees in an amount to be determined by the court as permitted under Section 103(c) of Chapter 93 of the Massachusetts General Laws.

**THE PLAINTIFFS DEMAND A JURY TRIAL ON COUNT II ONLY.**

Respectfully submitted,
The Plaintiffs,

ACCESS WITH SUCCESS, INC. and
FELIX ESPOSITO,

By their Attorneys,

Nicholas S. Guerrera, BBO#551475
Shaheen Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978) 689-0800

Ann Marie Pattavina, BBO#565910
Law Office of Ann Marie Pattavina
Two Dundee Park – 3rd Floor
Andover, MA 01810
(978) 247-7188

NSG

Michael J. Bellanti, BBO#645405
Law Office of Michael J. Bellanti
Two Dundee Park – 3rd Floor
Andover, MA 01810
(978) 247-7188

NSG

Dated: 2/23/05

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Felix Esposito

(b) County of Residence of First Listed Plaintiff Broward County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Nicholas S. Guerrera
820A Turnpike Street
North Andover, MA 01845
978-689-0800

**DEFENDANTS**

FILED IN CLERKS OFFICE

Prime Hospitality Corporation

2005 FEB 28 P 1:59

County of Residence of First Listed Essex County, NJ
(IN U.S. PLAINTIFF CASES ONLY)
U.S. DISTRICT COURT
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. DISTRICT OF MASS.

Attorneys (If Known)
N/A

05-10384

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ■ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ■ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC §12181 et seq. Americans with Disabilities Act of 1990. Action for Injunctive relief to compel defendant to remove architectural barriers to persons with mobility disabilities in place of public accommodation. and pendent civil rights claims

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ■ Yes No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD ______

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Felix Esposito

(b) County of Residence of First Listed Plaintiff Broward County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Nicholas S. Guerrera
820A Turnpike Street
North Andover, MA 01845
978-689-0800

**DEFENDANTS**

FILED
IN CLERKS OFFICE

Prime Hospitality Corporation

2005 FEB 28 P 1:59

County of Residence of First Listed Essex County, NJ
(IN U.S. PLAINTIFF CASES ONLY)

U.S. DISTRICT COURT
DISTRICT OF MASS.

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

N/A

05-10384

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ■ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury Med. Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ■ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC §12181 et seq. Americans with Disabilities Act of 1990. Action for Injunctive relief to compel defendant to remove architectural barriers to persons with mobility disabilities in place of public accommodation. and pendent civil rights claims

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ■ Yes No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE